IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01292–WYD–KMT

JENNIFER K. ELIO,

    Plaintiff,

v.

BC SERVICES, INC.,

    Defendant.

## ORDER

    This matter is before the court on Plaintiff's "Unopposed Motion to Amend Complaint." (Doc. No. 8, filed July 25, 2012.)  Plaintiff seeks to amend his answer to drop his claim that Defendant violated the automatic bankruptcy stay provided for by 11 U.S.C. § 362(a)(6), and to add at least one additional fact.

    Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

> deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Defendant does not oppose Plaintiff's Motion.[1]  Thus, there is no argument, and the court does not otherwise find, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  Therefore, it is

ORDERED that Plaintiff's "Unopposed Motion to Amend Complaint" (Doc. No. 8) is GRANTED.  The Clerk of Court is directed to file Plaintiff's Amended Complaint Answer (Doc. No. 8-1).

Dated this 31st day of July, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[1] In light of Defendant's non-opposition to Plaintiff's Motion, the court directed Defendant to file a response, no later than July 30, 2012, indicating whether it consented to Plaintiff's proposed amendments consistent with Fed. R. Civ. P. 15(a)(2). No response was filed by July 30, 2012 or after that date. Defendant is admonished for failing to comply with a court-ordered directive.