IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01292–KMT

JENNIFER K. ELIO,

    Plaintiff,

v.

BC SERVICES, INC.,

    Defendant.

## ORDER

This matter is before the court on Defendant's "Motion for Protective Order." (Doc. No. 20, filed Aug. 29, 2012.) "Plaintiff's Response to Defendant's Motion for Protective Order" was filed on August 30, 2012. (Doc. No. 21.) Pursuant to D.C.COLO.LCivR 7.1C and Fed. R. Civ. P. 6(d), Defendant had until September 16, 2012 to file a reply. However, no reply was filed on or before that date. For the following reasons, Defendant's Motion is GRANTED.

Defendant moves the court to enter a protective order pursuant to Federal Rule of Civil Procedure 26(c). In support of its request for a protective order, Defendant asserts that it "possesses various proprietary training materials which are relevant to Defendant's 'bona fide error' defense as set forth in 15 U.S.C. § 1692k(c)." (Mot. at 1.) Defendant contends that these materials are "highly sensitive, and constitute trade secrets." (*Id.*) Thus, Defendant contends that "in order to reduce the risk of the dissemination of such confidential documents," a

protective order "should be issued limiting the scope and use of all confidential documents designated by Defendant as Confidential that are exchanged in this case." (*Id.* at 1-2.)

Plaintiff argues that Defendant's "naked assertion that it has some documents that are 'confidential,' 'highly sensitive,' and constitute 'trade secrets'" is insufficient to establish good cause under Rule 26(c). (*See* Resp.) Plaintiff does not object to the actual substance of the proposed Protective Order (Doc. No. 20-1).

Federal Rule of Civil Procedure 26(c)(1) provides that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Here, Defendant seeks a so-called "blanket protective order," which "place[s] upon the parties themselves, or others from whom discovery is sought, the initial burden of determining what information is entitled to protection." *Gillard v. Boulder Valley Sch. Dist.,* 196 F.R.D. 382, 386 (D. Colo. 2000). A "generalized showing of good cause for the entry of a blanket protective order is sufficient, and a document-by-document showing is not required." *Id.* (citing *Parkway Gallery Furniture, Inc. v. Kittinger/Penn. House Group, Inc.,* 121 F.R.D. 264, 268 (M.D.N.C. 1988)).

The court finds that, by pointing generally to proprietary training materials that it considers to be "confidential," "highly sensitive," and "trade secrets," Defendant has shown good cause for the entry of the proposed Protective Order. As noted above, Defendant need not show, on a document-by-document basis why these materials are entitled to protection. *Gillard,*

196 F.R.D. at 386.  This is because, until these or other documents are actually designated as confidential, the proposed Protective Order will lie essentially inert.

Thereafter, once information or documents are actually designated as confidential, the proposed Protective Order provides procedural mechanisms that protect against unwarranted confidential designations.  First, the proposed Protective Order provides that "[i]nformation shall be designated "CONFIDENTIAL" only after counsel for the party making the designation has reviewed, or heard, the information and believes, in good faith, that the information is confidential or otherwise entitled to protection."  (Proposed Prot. Order ¶ 2) (emphasis added.) Second, the proposed Protective Order provides that the non-designating party may object to the designation of particular materials as confidential and, if the parties cannot resolve this objection, the party designating the information as confidential is required to file an appropriate motion with the court to determine whether the information is subject to the protective order. (*Id.* ¶ 9.) Throughout this objection process, the designating party "bear[s] the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL."  (*Id.*)  Due to these procedural protections, the proposed Protective Order

complies with the requirements of *Gillard* and will therefore be entered.  196 F.R.D. at 386-87.

Therefore, it is

ORDERED that Defendant's "Motion for Protective Order" (Doc. No. 20) is GRANTED. The proposed Protective Order (Doc. No. 20-1) will be entered.

Dated this 28th day of September, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge